UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00470-MR

| PASTOR E. GUERRERO, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| UNION COUNTY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's Motions for Punitive Damages, [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.    BACKGROUND**

Pro se Plaintiff Pastor E. Guerrero ("Plaintiff") is a pretrial detainee currently held at Union County Jail in Monroe, North Carolina. He filed this action on September 7, 2021, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) Union County; (2) Union County Sheriff's Office ("Sheriff's Office"); (3) Union County Jail; (4) Eddie Cathey; (5) Dan Rogers; (6) J.C. Presson, identified as a Detective; (7) K. Robillard; and (8) N.J.

Kirkley.[1]  Plaintiff purports to name all Defendants in their individual capacities.  [See Doc. 1 at 12].  Plaintiff alleges as follows:

> I was arrested on 11/11/20 for allegedly having heroin in my car.  Det. Presson had his high beams on behind me, which distract me and I ran a red light.  Det. Presson pulled me over and ordered me out of the car.  Without my consent, he search my car and he find nothing.  He got out, said he'd write me warning ticket, and got in his car.  25 mins later, K9 arrives.  Another search is conducted without consent.  Det. Presson finds nothing again.  Det. Presson then says to me that he will drive my car to gas station.  I walk with other officers to gas station and when I get there, I'm arrested.  I've been at UCJ eversince.  While at UCJ, I've been put on anxiety medicine for suicidal thoughts.  I've been exposed to COVID repeatedly.  I've lost my home.  All this happened because Det. J.C. Presson put the heroin in my car!  I have never seen heroin or been around it.  The illegal acts of the police must stop!!!

[Id. at 12-13 (errors uncorrected)].  Plaintiff makes no allegations relative to or against Defendants Union County, Sheriff's Office, Cathey, Rogers, Robillard or Kirkley.  [See id.].

Plaintiff purports to assert the following claims relative to the alleged conduct: "unlawful search and seizure, resulting in violations of [his] 4th, 5th, 8th, 13th, and 14th Amendment rights, significant emotional, mental, and

---

[1] Plaintiff does not identify Defendants Cathey, Rogers, Robillard, or Kirkley.  It appears from the addresses Plaintiff provides for these Defendants that they are employed by the Union County Sheriff's Office.  [See Doc. 1 at 12].

2

physical hardship, etc." [Id. at 5].

For relief, Plaintiff seeks $8,000,000.00 in damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff complains that he was falsely arrested and imprisoned and that he is currently a pretrial detainee. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained at the Jail and, therefore, that the state court proceeding is ongoing, it appears that the Court must abstain from interfering in the ongoing state proceedings.

Should Plaintiff believe that his claims are not barred by Younger, he may amend his Complaint. In the amended complaint, Plaintiff must re-allege all his claims against all persons he wishes to name as Defendants,

4

and he must allege how each named Defendant personally participated in the alleged constitutional violations.[2]

The Court further advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

## IV. CONCLUSION

In sum, Plaintiff's claims appear to be barred by Younger. The Court will allow Plaintiff thirty (30) to amend his Complaint, if he so chooses, to show that Younger do not apply and to otherwise properly state a claim upon which relief may be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

---

[2] The Court notes that even if Plaintiff's claims were not barred by Younger, Plaintiff has failed to state a claim upon which relief may be granted against any Defendant other than Defendant Presson. Plaintiff is admonished not to name Defendants against whom he has no claim in his Amended Complaint.

5

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motions [Doc. 6] are **DENIED** as moot.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge