UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00470-MR

| PASTOR E. GUERRERO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| UNION COUNTY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Pastor E. Guerrero ("Plaintiff") is a pretrial detainee currently held at Union County Jail in Monroe, North Carolina. He filed this action on September 7, 2021, pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) Union County; (2) Union County Sheriff's Office ("Sheriff's Office"); (3) Union County Jail; (4) Eddie Cathey; (5) Dan Rogers; (6) J.C. Presson, identified as a Detective; (7) K. Robillard; and (8) N.J. Kirkley. Plaintiff alleged that he is a pretrial detainee and that he was falsely

arrested and imprisoned in violation of his rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. [Doc. 1]. On initial review of Plaintiff's Complaint, the Court found that it appeared that Plaintiff's claims are barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971), because Plaintiff's state proceedings are ongoing. [Doc. 9]. The Court allowed Plaintiff to amend his Complaint to show that Younger does not bar his claims and to otherwise properly state a claim upon which relief may be granted. [Doc. 9].

Plaintiff has timely filed an Amended Complaint, [Doc. 10], which is now before the Court on initial review. In his Amended Complaint, however, Plaintiff fails to explain why Younger does not apply to bar his claims, but merely restates his previous allegations in more detail. [See Doc. 10 at 5, 14].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As previously noted by the Court, the Supreme Court held in Younger v. Harris that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134

(4th Cir. 1995). Plaintiff has failed to amend his Complaint as directed to explain how Younger does not bar his claims. The Court, therefore, must not interfere with Plaintiff's ongoing state proceeding and must dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

Signed: December 2, 2021

Martin Reidinger
Chief United States District Judge